UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. 26-0039 (JMC) |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Defendant, the Department of Defense, by and through undersigned counsel, respectfully moves to stay this action pending the outcome of *The New York Times Co. v. Department of Defense*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y.). Pursuant to Local Civil Rule 7(m), the undersigned conferred with counsel for Plaintiff, who opposes a stay pending a decision in the Southern District of New York. However, the interest in judicial economy outweighs the potential hardship, if any, that Plaintiff may incur as a result of the requested stay. A proposed order is submitted herewith.

**BACKGROUND**

On December 4, 2025, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Department of Defense seeking "an electronic copy of the complete video (or videos) shown to lawmakers on December 4, 2025" relating to U.S. airstrikes on a vessel off the Trinidad coast on September 2, 2025. *See, e.g.*, Compl. (ECF No. 1) ¶¶ 15, 24–25. After not receiving a response, Plaintiff brought this current action on January 8, 2026. *See generally id.* But Plaintiff was neither the first to seek the September 2, 2025 airstrike video via the FOIA, nor the first to sue Defendant to compel production of the same.

On November 10, 2025, the New York Times ("the Times") filed suit in the Southern District of New York seeking multiple videos from the Department of Defense, including the September 2, 2025 strike. *See generally* Complaint, ECF No. 1, *N.Y. Times Co. v. Dep't of Def.*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y. Nov. 10, 2025). The Times' FOIA requests sought two videos, including the September 2, 2025 video that Plaintiff seeks in this action. *See id.* ¶¶ 19–20 (describing a FOIA request submitted on September 9, 2025 seeking "a copy of the surveillance video related to the operation in the Caribbean Sea on or about Sept. 2, 2025, in which the U.S. military attacked a boat that President Trump said was carrying drugs and 11 members of Tren de Aragua").

Recently, the Southern District of New York ordered the Department of Defense to make a release determination by May 7, 2026 and provide a joint status report the following day. *See* Memo Endorsement, ECF No. 22, *N.Y. Times Co.*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y. Apr. 30, 2026). On May 8, 2026, the Department of Defense informed the Court that no additional releases would be made; all portions not already-released of the responsive videos sought—including the same video Plaintiff seeks in this case—would be withheld pursuant to FOIA Exemption 1. Status Report, ECF No. 23, at 1, *N.Y. Times Co.*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y. May 8, 2026). Just recently, that Court approved the Times' and Department of Defense's proposed briefing schedule to litigate the agency's withholding determination, which is set to begin on June 12, 2026. Memo Endorsement, ECF No. 26, *N.Y. Times Co.*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y. May 13, 2026).

## LEGAL STANDARDS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citations omitted). To prevail on a motion to stay, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citations omitted). In considering a contested motion to stay, courts must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 259; internal citation omitted).

A Court may stay a case "pending resolution of independent proceedings elsewhere" that "bear upon the case," *see Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 120 (D.D.C. 2008) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)), even if the parties or issues in the related proceedings are not "identical" to those in the case before the Court, *see Landis*, 299 U.S. at 254.

Thus, this Court may find it is efficient for its own docket and the fairest course for the parties to enter a stay of this action even though the Times is the Plaintiff in the other proceedings. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."); *Landis*, 299 U.S. at 254 ("[W]e find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical."). Accordingly, a stay to the proceedings here is warranted because "the resolution of the other litigation will likely 'narrow the issues in pending cases and

assist in the determination of the questions of law involved.'" *Hulley Enters. Ltd. v. Russian Federation*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (quoting *Landis*, 299 U.S. at 253).

**ARGUMENT**

This is not a case where Defendant seeks a stay because the same Plaintiff brings identical claims in multiple jurisdictions. *Cf. Utahamerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) ("The usual 'rule in this circuit has been that '[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.''") (alteration in original; citations omitted). But under the circumstances present it is in the interest of judicial economy to the Court and the parties—especially to Defendant—to stay this action pending the resolution of the *New York Times* case in the Southern District of New York because of the FOIA context of Plaintiff's claim if the Court were to proceed to summary judgment proceedings.

"The [FOIA] indicates on its face that information is to be made available equally to all[.]" *Reps. Comm. for Freedom of Press v. Dep't of Just.*, 816 F.2d 730, 741 (D.C. Cir. 1987) (citations omitted). Thus, "a disclosure made to any FOIA requestor is effectively a disclosure to the world at large." *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001). Accordingly, courts "lack authority to limit dissemination of documents once they are released under FOIA, or to choose selectively among recipients." *Id.* (citing *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996)) (additional citations omitted).

In the coming weeks, the Department of Defense and the Times will begin summary judgment briefing in the Southern District of New York to litigate the Defendant's withholding of the same September 2, 2025 video that Plaintiff in this case seeks to obtain. If the New York Times prevails through summary judgment in the Southern District of New York and the Court compels

the Defendant to produce the September 2, 2025 video to the Times, then Defendant's actions in this case may be impacted by any such disclosure order. *See Reporters Comm.*, 816 F.2d at 741; *cf. Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983) (collecting cases) (explaining that publicly known information cannot be withheld under FOIA Exemptions 1 and 3). The stay will also allow the Department of Defense to seek any further review as authorized should it be ordered to disclose the video at issue in these two actions.

On balance, the interest in judicial economy outweighs the potential hardship, if any, that Plaintiff may incur as a result of the requested stay. A stay in these proceedings will not adversely affect Plaintiff's rights to challenge the Department of Defense's withholding of the September 2, 2025 airstrike video. An unfavorable decision for the Times does not necessarily bind this Court or preclude Plaintiff from litigating its own subsequent challenge. *See Taylor v. Sturgell*, 533 U.S. 880, 903 (2008) ("Indeed, Congress' provision for FOIA suits with no statutory constraint on successive actions counsels against judicial imposition of constraints through extraordinary application of the common law of preclusion."). But it may inform this Court's proceedings if a sister district court has already weighed the merits of the same record. A stay in these proceedings will prevent this Court and the Southern District of New York from concurrently considering Defendant's withholding of the videos pursuant to FOIA Exemption 1, which will ensure that the Department is not subject to inconsistent orders across multiple jurisdictions on the same issue. It will also relieve the Department of Defense from the burden of litigating the same issue simultaneously in two separate jurisdictions.

All relevant considerations for a stay militate towards granting Defendant's request. The Times submitted its FOIA request nearly three months before Plaintiff in this action, and the Times filed its lawsuit nearly two months earlier. Furthermore, the Times and Defendant have already set

a briefing schedule. Rather than a race between the Times and Plaintiff to obtain a favorable ruling, the Times should be permitted to litigate its claim that Defendant improperly withheld the responsive records pursuant to FOIA Exemption 1 in the case that was both filed first and is procedurally ahead of the action before this Court. A favorable ruling for the Times potentially moots the entirety of Plaintiff's claim under the FOIA, and the requested stay does nothing to prevent Plaintiff from litigating its case to this Court should the Times fail to win its arguments in the Southern District of New York. Because the resolution of the merits in the Southern District of New York could potentially moot the claims in this case, it is in the interest of judicial economy to stay the instant matter pending the resolution of the Times' summary judgment proceedings.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings in this case pending the outcome of summary judgment briefings in *The New York Times v. Department of Defense*, Civ. A. No. 25-9375 (VSB) (S.D.N.Y.) and should order the parties to file a joint status report within fourteen calendar days of a final decision in those proceedings. Alternatively, the Court should direct the parties to submit a proposed schedule for briefing in this case within fourteen calendar days of its order denying the requested stay.

* * *

Dated: May 19, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Zachary C. Simons*
ZACHARY C. SIMONS, DC Bar # 1736166
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 730-6967
zachary.simons@usdoj.gov

*Attorneys for the United States of America*